UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORBBLIN B. BUSH,

      Plaintiff,

v.                                    Case No:  6:18-cv-529-Orl-18TBS

US EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION and
MIAMI DISTRICT OFFICE,

      Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc 2). Upon review of the motion and Plaintiff's complaint (Doc. 1), I **respectfully recommend** that the motion be **DENIED** and the complaint be **DISMISSED** without leave to amend.

### I. Background

Plaintiff, proceeding pro se, brings this action against the United States Equal Employment Opportunity Commission, Miami District office, for violation of his rights to due process and equal protection in that he filed a charge against his employer over two years ago and "have not hear[d] from anyone in EEOC Miami District Office other then [sic] the Tampa office." (Doc. 1 at 4). Plaintiff "ask[s] this court to find out as to why this Miami district office is close[d]," asserting that he can't move forward with his complaint against his employer. Plaintiff claims that he has been "deprived of his right to due process on his claim against his former employer because the Miami EEOC district office is shut down without an[y] notice or public announcement." Plaintiff is asking for "80

million and 60 million in punitive damages" for his "suffering and emotional deprivation by such act." Id.

## II. Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court

must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Applied here, Plaintiff's complaint fails to state a cognizable claim. The Supreme Court has ruled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (finding sovereign immunity is jurisdictional in nature); see also Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 119 S.Ct. 687, 690, 142 L.Ed.2d 718 (1999). Plaintiff seeks to sue the EEOC, a federal agency, for what appears to be a constitutional claim. Absent evidence or plausible allegation that the EEOC has waived its sovereign immunity with respect to this claim, Plaintiff is precluded from bringing this suit. See Reeves v. DSI Sec. Servs., 331 F. App'x 659, 661 (11th Cir. 2009) (the district court

did not err when it dismissed complaint against the EEOC for failure to state a claim and because it was entitled to sovereign immunity); Humphrey v. Napolitano, No. 11-20651-CIV, 2011 WL 4527451, at *3 (S.D. Fla. Sept. 28, 2011) ("Because the sovereign immunity bars claims against the EEOC," all claims against the EEOC dismissed); Reed v. Potter, No. 1:08-CV-3426-CC-AJB, 2009 WL 10671146, at *2 (N.D. Ga. June 5, 2009) (noting that a plaintiff cannot bring a Bivens claim against the EEOC, and sovereign immunity applies).

### III. Recommendation

Absent a cognizable cause of action which is not barred by sovereign immunity, Plaintiff's claim must be dismissed. As the complaint is not subject to amendment which would cure this jurisdictional defect, I **recommend** that the motion be **denied** and the complaint be **dismissed**, without leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 12, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff pro se